IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY E. EALY | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RWT-12-3015 |
| | | |
| SHERIFF ROBINSON | * | |
| Respondent. | | |
| | ***** | |

## <u>MEMORANDUM OPINION</u>

This action, captioned as a Petition for Writ of Habeas Corpus,  was originally filed in the United States District Court for the Northern District of West Virginia on September 20, 2012, while Larry  E. Ealy ("Ealy") was confined in the Allegany County Detention Center.   For reasons set out in this opinion, the cause of action shall be dismissed and denied as moot; therefore Ealy's Motion for Leave to Proceed In Forma Pauperis will be denied.

Ealy complains of a cell search, his placement on cell restriction for 23 hours daily, and his development  of  both  physical  and  psychological  conditions  due  to  the  extent  of  his  isolated confinement and his post-traumatic stress disorder ("PTSD").   He claims that he has been labeled a drug dealer, solely based upon the discovery of medication in his cell and the fact that he is a Black male. He asks to be taken off cell restriction and returned to general population.  (ECF No. 1).  As the original "Petition" challenges the conditions of Ealy's detention, it is more properly construed as a 42 U.S.C. § 1983 civil rights Complaint and shall be treated accordingly.

On October 10, 2012, United States Magistrate Judge John S. Kaull ordered the case be transferred to this district pursuant to 28 U.S.C. § 1404(a).  The case was received for filing on October 11, 2012.

On or about November 7, 2012, the Court received Ealy's Supplemental Petition for Writ of Habeas Corpus from the West Virginia federal court.  (ECF No. 9).  Ealy seeks to add another Petitioner (his co-defendant) and second Respondent to his case.[1]  He attaches documents to his Supplement which seek to dismiss his pending criminal charges in the Circuit Court for Alleghany County, Maryland for unauthorized use of a motor vehicle.   (*Id.*).

An examination of the state court docket shows that on August 16, 2012, criminal charges were filed against Ealy for the unlawful taking of a motor vehicle in the District Court for Alleghany County, Maryland.   On October 23, 2012, however, the charge was nolle prossed and Ealy was released from confinement.  *See Ealy v. State*, Criminal No. 3W00062596 (District Court for Alleghany County).  (ECF No. 9).

The case has been treated as a hybrid § 1983 civil rights complaint and 28 U.S.C. § 2241 habeas corpus petition.  To the extent that Ealy is seeking injunctive relief regarding the conditions of his confinement, his Complaint shall be dismissed as moot.   As already indicated, he has been released from detention at the Alleghany County Detention Center.   Under 42 U.S.C. § 1983, an actual controversy must exist at all times while the case is pending.  *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  It is possible for events subsequent to the filing of the complaint to make an injunctive relief request moot.  *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).  This is so even though such a case presented a justiciable controversy at an earlier point in time and an intervening event rendered the controversy moot.  *See Calderon v. Moore*, 518 U.S. 149, 150

---

[1]        Ealy has no readily apparent standing to file the action on behalf of his co-defendant. Further, the state court docket shows that the criminal charge of unlawful taking of a motor vehicle brought against co-defendant Allison Childs was also nolle processed on October 23, 2012, and she was released from confinement that same day.  *See Childs v. State*, Criminal No. 2W00062568 (District Court for Alleghany County); http://www.casesearch.courts.state.md.us/inquiry.  Consequently, any Petition filed by Ms. Childs

(1996).  Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained…"  *See Lewis v. Continental Bank* Corp,  494 U.S. 472, 480 (1990).  With his release from detention, Ealy's request for injunctive relief is moot as he is no longer subject to the conditions of which he complains.

Insofar as Ealy is attacking his pending criminal charges, his action shall be construed as a § 2241 habeas corpus petition.  A § 2241 petition is used to attack the manner in which a sentence is executed.  *See* 28 U.S.C. § 2241.  More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 499–500 (1973).

A challenge to pre-trial detention becomes moot once the petitioner has finished serving that detention. *See Barker v. Estelle,* 913 F.2d 1433, 1440 (9th Cir. 1990); *James v. Reese,* 546 F.2d 325, 328 (9th Cir. 1976).  Here, Ealy brought his Supplemental Petition challenging his pre-trial detention prior to the nolle processing of his charge and his release.  The Court finds his § 2241 Petition to be moot and   no evidentiary hearing is required prior to dismissing this matter. *See Schriro v. Landrigan,* 550 U.S. 465, 474 (2007).    A separate Order follows.

Date: <u>November 14, 2012</u>                              <u>              /s/              </u>
                                                                              ROGER W. TITUS
                                                                              UNITED STATES DISTRICT JUDGE

---

on the unlawful taking charge would be moot at this juncture.